## SUPREME COURT.

NEW YORK AND NEW HAVEN RAILROAD COMPANY agt. ROBERT
SCHUYLER AND OTHERS.

Where *several defendants* not united in interest, make separate defences by sepa-
rate answers, and recover against the plaintiffs separate judgments for damages
in the nature of counter-claims, and who are respondents to appeals brought by
the plaintiffs to review those judgments, and which judgments are affirmed on
appeal, with costs to the respondents, they are each entitled to tax *separate bills
of costs.*

*New York Special Term, April,* 1865.

APPEAL from taxation. The defendants Belmont, Deane
and Hooper, claim separate bills of costs on the plaintiffs'
appeal from the judgment on the assessment of damages
rendered by Judge INGRAHAM. By that judgment these
defendants separately recovered damages against the plain-
tiffs as follows: August Belmont, $108,225.25; Samuel
Hooper, $8,201.07; John Deane, $2,651.02. They had
put in separate answers, setting up distinct and independent
interests and claims for damages; one as a lender of money
upon his stock, and the others as purchasers of theirs.

This judgment of the special term (June 30, 1864), upon
the assessment in favor of these defendants, gave them
three separate bills of costs of appeal to the general term
from the first judgment of Judge INGRAHAM, which denied
them damages in this action, and gave costs to neither
party. From this judgment of June 30, 1864, the plain-
tiffs appealed to the general term as to these three defend-
ants, with others. The general term affirmed the judgment,
" with costs to the respondents who appeared on this appeal."
The clerk taxed the costs of defendant Belmont, but refused
to tax those of Hooper and Deane. From his decision this
appeal is brought.

THOMAS H. RODMAN, *for defendants Belmont, Hooper
and Deane.*

I. These defendants having been compelled by the nature of the case to answer separately, and to establish by proof as they did, distinct and independent rights of action, by way of counter-claim against the plaintiffs, for which they recovered distinct awards of damages, are entitled to separate bills of costs.

1. The indemnity in the nature of costs, is by the Code secured to "the party," not the attorney (*Code*, § 303).

2. The judgment of general term, fairly construed, entitled *each respondent* to costs. The judgment of special term was " affirmed with costs *to the respondents* who appeared on the appeal." This is not to be literally interpreted, for if so, all the defendants combined could have but one bill of costs. It means that every respondent to the plaintiffs' appeal—that is, every defendant who had judgment in his favor, either in his individual, partnership or representative capacity, which judgment the plaintiffs had sought to get reversed, and had failed, should have his costs. In other words, every defendant who was *severally* interested to sustain the judgment in his favor, and who, if a contrary decision had been rendered at special term, *could have separately appealed*, was " a *respondent*." Whoever was capable of being an *appellant*, was a *respondent* to the plaintiffs' appeal.

II. The spirit, if not the letter of the Code, contemplates that defendants in such case should have separate bills of costs. Section 306 provides : " In all cases when there are several defendants *not united in interest*, and making *separate. defences by separate answers*, and the *plaintiff fails to recover against all*, the court may award costs to such of the defendants as have judgment in their favor, or any of them." This section applies to a case when the plaintiff " *fails to recover* against *all the defendants*." These plaintiffs did fail to recover against all the defendants. As to several the complaint was dismissed with costs. The section covers " all cases " of that class, legal and equita-

NEW YORK PRACTICE REPORTS. 91

New York and New Haven Railroad Company agt. Schuyler.

ble. Here the defendants may have costs if their interests are not united, and they have put in separate defences by separate answers, *irrespective of the number of attorneys employed by them.* The intention was evidently to indemnify the defendant who had succeeded in maintaining his separate defence upon his separate answer, which seems very just. Here defendants not united in interest, having made separate defences by separate answers, and having recovered separate judgments for damages in the nature of counterclaims, and being respondents to appeals brought by the plaintiffs to review those separate and distinct adjudications, in each of which but one of the defendants has an interest, claim only the same indemnity. The old rule is fairly stated in 2 *Hoffman's Chancery Practice,* 86, that where the same solicitor appears for different defendants, and separate answers are put in, *or other proceedings had by or for the defendants separately,* the taxing officer should consider whether such separate answers or other separate proceedings were necessary or proper, and if in his opinion any part of the costs occasioned thereby was unnecessarily or improperly incurred, the same shall be disallowed. (*Chancery rule,* 130 ; *Wendell* agt. *Lewis,* 8 *Paige,* 622.)

Where a separate answer, and separate defence or establishment of a cross demand was indispensable, as here, no question could arise as to the right of each defendant who obtained a decree, to costs. Where in an action of tort, there is a verdict in favor of certain of the defendants, and in favor of the plaintiff against the remaining defendants, the defendants prevailing are entitled to costs of course, under section 305 Code, although *all the defendants* had *joined in a single answer* (*Daniels* agt. *Lyon,* 9 *N. Y. R.* 549).

William Tracy, *for plaintiffs.*

Ingraham, J. I think each of the defendants is entitled to tax separate bills of costs.